**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn in on March 13, 2025**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. _____** |
| | : | |
| v. | : | **UNDER SEAL** |
| | : | |
| **HUGO GONZALO MENDOZA** | : | 21 U.S.C. §§ 959(a), 960, and 963 |
| **GAYTAN,** | : | (Conspiracy to Manufacture and Distribute |
| **also known as "Sapo," "Gonzalo** | : | Five Kilograms or More of Cocaine and |
| **Mendoza Gaytan," and "S-90,"** | : | 500 Grams or More of Methamphetamine |
| | : | for Importation into the United States) |
| **Defendant.** | : | |
| | : | 18 U.S.C. §§ 924(c)(1)(A)(i), |
| | : | 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), |
| | : | 924(c)(1)(B)(ii), and 2 |
| | : | (Use, Carry, and Possession of a Firearm) |
| | : | |
| | : | 21 U.S.C. §§ 853 and 970 |
| | : | (Criminal Forfeiture) |

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**

From in or around 2008, and continuing thereafter, up to and including March 2025, in the countries of Mexico, the United States, and elsewhere, the Defendant, **HUGO GONZALO MENDOZA GAYTAN, also known as "Sapo," "Gonzalo Mendoza Gaytan," and "S-90,"** together with others known and unknown to the Grand Jury, did knowingly, intentionally, and willfully combine, conspire, confederate, and agree to manufacture and distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and five hundred (500) grams or more of a mixture and substance

containing a detectable amount of methamphetamine, a Schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such substances would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a) and 960, all in violation of Title 21, United States Code, Section 963.

With respect to the Defendant, the controlled substances involved in the conspiracy attributable to the Defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him is five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine and five hundred (500) grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 960(b)(1)(B)(ii) and 960(b)(1)(H).

> (Conspiracy to Manufacture and Distribute Five Kilograms or More of Cocaine and 500 Grams or More of Methamphetamine, Intending, Knowing, and Having Reasonable Cause to Believe That Such Substances Would be Unlawfully Imported into the United States, in violation of Title 21, United States Code, Sections 959(a), 960(b)(1)(B)(ii), 960(b)(1)(H), and 963.)

### COUNT TWO

From in or about 2008, and continuing thereafter, up to and including March 2025, the exact dates being unknown to the Grand Jury, the Defendant, **HUGO GONZALO MENDOZA GAYTAN, also known as "Sapo," "Gonzalo Mendoza Gaytan," and "S-90,"** did knowingly and intentionally use, carry, brandish, and discharge a firearm, during and in relation to one or more drug trafficking crimes, to wit: the crime charged in Count One, and did knowingly and intentionally possess a firearm in furtherance of such drug trafficking crimes, one or more of which firearms was a machinegun and a destructive device, in violation of Title 18, United States Code,

2

Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), and 2.

(Use, Carry, and Possession of a Firearm, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), and Aiding and Abetting, in violation of Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

The United States hereby gives notice to the Defendant that upon conviction of the Title 21 offense alleged in Count One of this Indictment, the Government will seek forfeiture in accordance with Title 21, United States Code, Sections 853 and 970, of all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as the result of the alleged Title 21 violation, and all property used or intended to be used in any manner or part to commit, and to facilitate the commission of such offense.

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third person;

      (c)    has been placed beyond the jurisdiction of the Court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be subdivided without difficulty;

3

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said Defendant up to the value of the above forfeitable property.

(Criminal Forfeiture, in violation of Title 21, United States Code, Sections 853 and 970.)

A TRUE BILL:

_____
Foreperson

_____
MARGARET A. MOESER
Chief
Money Laundering, Narcotics
and Forfeiture Section
Criminal Division
U.S. Department of Justice

By:    _____
KAITLIN J. SAHNI
Trial Attorney
Money Laundering, Narcotics
and Forfeiture Section
Criminal Division
U.S. Department of Justice
Telephone: (771) 241-0360

4